UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv476-03-W
(3:06cr202)

| | |
|---|---|
| JERRY THOMAS COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, (Doc. No. 1) and Memorandum in Support (Doc. No. 5); the Government's Answer and Motion for Summary Judgment (Doc. Nos. 6 and 7); and Petitioner's response (Doc. No. 9). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. FACTUAL AND PROCEDURAL HISTORY

On January 24, 2006, Petitioner was charged with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One), with possession with intent to distribute 50 or more grams of cocaine base and an unspecified quantity of cocaine, all in violation of 21 U.S.C. § 841 (Count Two), and with using or carrying a firearm during and in relation to a drug trafficking offense, all in violation of 18 U.S.C. § 924(c) (Count Three). (Case No. 3:06cr23, Doc. No. 1). On November 3, 2006, Petitioner appeared before the Court for his Plea

1

and Rule 11 hearing during which he tendered straight-up guilty pleas to the foregoing charges.[1] (Id., Doc. No. 18). Magistrate Judge Horn engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions.[2] In addition to reviewing the charges, penalties and rights Petitioner would be giving up by pleading guilty, the Court specifically inquired whether anyone threatened, intimidated or forced Petitioner to enter his guilty plea, to which Petitioner responded "no." Petitioner also stated that he was satisfied with the services of his attorney and offered that with respect to pleading, he "had his doubts," but that his attorney got him "the best results for [his] situation." The Court accepted Petitioner's plea finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of the plea.

On April 7, 2008, Petitioner appeared before the Court for his Factual Basis and Sentencing Hearing. During that proceeding, the Court determined that Petitioner was subject to enhanced sentencing as both an armed criminal under 18 U.S.C. § 924(e) and a career offender under U.S. Sentencing Guidelines § 4B1.1. The Court determined that Petitioner's Criminal History Category for the felon-in-possession and drug convictions was IV; that such Offense Level and Category yielded a range of 322 to 387 months; and that Petitioner was also subject to a consecutive term of

---

[1] On October 24, 2006, Petitioner appeared for his first Plea and Rule 11 hearing to enter his guilty pleas to Counts Two and Three pursuant to a plea agreement. During the proceeding, Petitioner decided not to plead guilty. The magistrate judge suspended the proceedings to allow Petitioner time to discuss his decision as to whether to pled with his attorney. (Doc. No. 34 at 18).

[2] Although there is no official transcript of the November 3, 2006 Plea and Rule 11 hearing in the record, the Court has listened to the audio recording of the Plea and Rule 11 hearing and notes that the Rule 11 Entry and Acceptance of Guilty Plea form, which is prepared by the Magistrate Judge during the Plea and Rule 11 hearing, accurately reflects the substance of the Plea and Rule 11 hearing. (Criminal Case 3:06cr23, Doc. No. 18).

2

60 months imprisonment for the § 924(c) conviction. Ultimately, the Court sentenced Petitioner to two concurrent terms of 262 months imprisonment on Counts One and Two, and to a consecutive term of 60 months imprisonment on the § 924(c) conviction from Count Three, for a total of 322 months imprisonment. The Court's Judgment was filed May 15, 2008. (Id., Doc. No. 22).

Petitioner filed his first Motion to Vacate on May 13, 2009 alleging five separate claims against his former attorney, including a claim that his counsel failed to honor his request for a direct appeal. (Case No. 3:09cv202, Doc. No. 1) On May 27, 2009, this Court entered an Order granting Petitioner's Motion to Vacate only for the purpose of allowing him to file a direct appeal. (Id., Doc. No. 2). Petitioner timely appealed to the Fourth Circuit Court of Appeals, (Case No. 3:06cr23, Doc. No. 28; 09-7042, Doc. No. 1); however, having failed to file an informal brief, the Fourth Circuit dismissed the appeal for failure to prosecute on September 23, 2009. (Id., at Doc Nos. 12 and 13).

On September 23, 2010,[3] Petitioner filed the instant Motion to Vacate, which is his second Motion to Vacate, asserting actual innocence and alleging ineffective assistance of counsel for failing to suppress evidence seized from Petitioner's home and for failing to challenge the § 922(g) and § 924(e) charges. In response to Petitioner's motion, the Government obtained an affidavit from Petitioner's counsel, Mr. Steven Meier, rebutting Petitioner's claim and providing evidence supporting his position.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

---

[3] Petitioner's Motion to Vacate was actually received by the Clerk's office on September 24, 2010. However, the certification on the Motion reflects that Petitioner delivered it to prison authorities for mailing to this Court on September 23, 2010. Therefore, pursuant to Houston v. Lack, 487 U.S. 266 (1988), Petitioner's Motion shall be treated as having been filed as of September 23, 2010.

3

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 587088 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Following such review, the Court finds that the pleadings conclusively show that Petitioner is not entitled to relief on any of his claims; thus a hearing is not required.

### III. DISCUSSION

A. Actual Innocence

Petitioner argues that he is actually innocent of the gun charge because the firearm found in his bedroom did not belong to him and the cocaine found in his step-daughter's room also did not belong to him. Petitioner acknowledges that he did not raise this claim on direct appeal, and argues that his actual innocence claim is not an independent claim, but rather a "gateway" through which

he must pass before the Court may consider a defaulted claim.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim is cognizable on habeas review "only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). In attempting to avoid a procedural default on the "actual innocence" exception to the default, a defendant must show, by clear and convincing evidence, United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), that it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

In the instant case, while Petitioner now asserts that the firearm found in his bedroom did not belong to him and that the cocaine found in his step-daughter's room also did not belong to him, he has produced no evidence that this is true, other than his current self-serving allegations. Indeed, in Petitioner's signed statement to law enforcement on the day of his arrest, he stated that "[a]ll the cocaine found in the house 221 Fannie Circle is mine. I put the cocaine in my daughter's room to hide it better. The cocaine should be about 3 ½ ounces. I got it about two hours ago. The gun is also mine. That was in my bedroom. The gun is a .380 caliber. I have had the gun for quit (sic) awhile. I do not rob people with the gun. I have it because selling cocaine is dangerous. I need it for protection." (Doc. No. 6-1 at 4). Petitioner's counsel also states in his affidavit that the Government provided him in discovery an oral statement made by Petitioner admitting to the cocaine possession. (Doc. No. 6-1 at 6). Further, Petitioner told the magistrate judge at the Plea and Rule 11 hearing that he was pleading guilty because he was, in fact, guilty. At his sentencing hearing, Petitioner stipulated to the factual basis for his plea, as set forth in the PSR. (Case No. 3:06cr23, Doc. No. 35 at 3).

Petitioner pled guilty to the offense on November 3, 2006. (Criminal Case 3:06cr23, Doc. No. 18). His guilty plea establishes his factual guilt. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993), and through his plea, Petitioner waived any further right to contest his factual guilt. Additionally, with signed statements verifying his possession of both the firearm and the drugs, Petitioner has not shown, by clear and convincing evidence, that no reasonable juror would have convicted him for the offenses to which he pleaded guilty. See Mikalajunas, 186 F.3d at 494.

To the extent that Petitioner challenges the voluntariness of his guilty plea, such claim is belied by the record. Petitioner states in his Memorandum in Support of his Motion to Vacate that his counsel was ineffective because he coerced Petitioner into pleading guilty. However, a review of the Plea and Rule 11 Proceedings establishes that Petitioner specifically denied that anyone threatened, intimidated or forced him to enter a guilty plea. (Criminal Case 3:06cr23, Doc. No. 18 ¶ 23). The record specifically contradicts Petitioner's claim that his counsel forced him to plead guilty. "Solemn declarations in open court carry a strong presumption of verity" and present "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is considered conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Therefore, even if his claim were not barred, his claim of actual innocence fails due to his sworn statements made during his Plea and Rule 11 hearing.

B. Ineffective Assistance of Counsel

Petitioner contends that his counsel was ineffective for failing to move to suppress evidence seized from his girlfriend's home and for failing to challenge the § 922(g) charge and the § 924(e)

enhancement.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983).

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of he proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). When claiming ineffective assistance following the entry of a guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In challenging his sentence, a petitioner must show, at a minimum, a reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing

Strickland, 466 U.S. at 697).

In evaluating post-guilty plea claims of ineffective assistance of counsel, a petitioner's statements under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Moreover, statements made during Rule 11 proceedings constitute strong evidence that the plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Petitioner argues that his counsel was ineffective because he failed to move to suppress evidence seized from his home. Specifically, he alleges that "[a]t no time did anyone give any of these officers consent to do any kind of search," (Doc. No. 1 at 6). And that the officers relied upon the statements of any "unknown individual who was caught with a small amount of crack" to justify entering his home without his consent. (Id. at 5). Petitioner states that he agreed to the officers' request that he "step outside to talk to them" and their need "to pat him down for security reasons," leading to the discovery of two grams of crack cocaine. (Id.).

Petitioner's unsubstantiated claim fails as the record simply does not support Petitioner's version of the events. Indeed, Petitioner signed a written statement on September 28, 2005, verifying that he had consented to the search of the residence voluntarily. (Doc. No. 6-1 at 4). Even in his own § 2255 motion, Petitioner acknowledges that he consented to the pat down search during which officers found crack cocaine on his person. (Doc. No. 1 at 5). Petitioner's adult stepdaughter also signed a written statement on September 28, 2005, attesting that she gave the officers consent to search her bedroom. (Doc. No. 6-1 at 5). Based on this evidence, which was provided to counsel in discovery, counsel would have had no basis to file a motion to suppress evidence found pursuant to a search of Petitioner's home. Petitioner has not established deficiency or prejudice in

connection with this claim and therefore his claim fails.

Furthermore, Petitioner's claim is barred by Tollett v. Henderson, 411 U.S. 258 (1973). In that case, the Supreme Court explained that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Id. at 267. As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id.

Next, Petitioner contends that his counsel was ineffective for failing to challenge the applicability of the § 922(g) charge and the § 924(e) enhancement. Specifically, Petitioner argues that his right to possess a firearm had been restored, therefore, counsel was ineffective for failing to challenge the 922(g) offense and the 924(e) enhancement.

The problem with Petitioner's argument is that he provides no documentary support for his contention that his right to possess a firearm had been restored. The Government provided a copy of a Governors Pardon check, upon which Petitioner's counsel relied, which indicates that Petitioner had not received any pardons for his felony convictions and therefore was prohibited from possessing firearms. (Doc. No. 6-1 at 7). Petitioner's counsel contends that he received, in discovery, a "Governors Pardon Check which indicated that the Petitioner was a prohibited person from possessing firearms and/or ammunition. This was supported by a fingerprint check to match the Petitioner arrested on the night in question with the Petitioners criminal record. The Petitioner's record would typically preclude him from said possession and I had no information that the Petitioner's rights to possess a firearm had been restored." (Doc. No. 6-1 at 2).

Petitioner has provided no support for his claim and has not established either prong of the Strickland test for ineffective assistance of counsel, therefore, his claim fails.

## IV. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 5) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: April 1, 2011

Frank D. Whitney
United States District Judge